IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE R. MERRYMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv1 |
| BRYAN COLLIER, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Bruce R. Merryman, an inmate confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting the defendants' motion for summary judgment and dismissing the action.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff failed to properly exhaust available administrative remedies prior to filing this action. In his only fully exhausted grievance, Plaintiff complained of a broken shower during the period from June 18, 2019 through June 20, 2019. The focus of

plaintiff's grievance was this three day period during which he claims the shower in his general housing area was not operational and he allegedly had to wait four hours before getting to take a cold shower in addition to the ice machine not keeping up with demand. Plaintiff's general reference to the policy pertaining to excessive and extreme temperature conditions in his Step 1 grievance did not provide sufficient detail to give prison officials fair notice and an opportunity to address the overarching problems with the general conditions which now form the basis of his lawsuit. *See Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). Further, plaintiff's more specific reference in his Step 2 grievance does not cure the problem. A belated reference to a defendant in a Step 2 grievance does not give TDCJ the time or opportunity to address the complaint. *See Bangmon v. Alexander*, No. 18-41043, 2021 WL 3477490 at *3 (5th Cir. Aug. 6, 2021). Thus, Plaintiff did not exhaust his claims concerning these Defendants through all steps of the grievance procedure in a procedurally correct manner before he filed this action, as required by 42 U.S.C. § 1997e.

To the extent plaintiff's claims are exhausted regarding his delay in receiving a cold shower and the ice machines not keeping up with demand during this three day period, plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has failed to allege any personal involvement of the defendants in such claims. Additionally, plaintiff has neither alleged nor demonstrated any harm suffered related to the alleged conditions during this period. Therefore, plaintiff's claims fail to state a claim upon which relief may be granted against these defendants. Further, failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Finally, plaintiff's allegations fail to rise to the level of egregious intentional conduct required for showing deliberate indifference on the part of the

defendants. *See Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against the defendants in this action.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. It is

**ORDERED** that the defendants' motion for summary judgment is **GRANTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations and this order.

**SIGNED** this the **15** day of **March, 2022.**

_____
Thad Heartfield
United States District Judge